**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **STEPHANIE WYSKOCIL,** *Administrator of the Estate of Robert Wyskocil, Deceased*, | **Case No. 1:24-cv-01697-PAB** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **MEDTRONIC USA, INC., et al.,** | |
| **Defendants.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is Defendants Medtronic USA, Inc. and Medtronic, Inc.'s (collectively, "Medtronic") Motion to Dismiss for Plaintiff's Failure to Prosecute (the "Second Motion to Dismiss"). (Doc. No. 18.)  Plaintiff Stephanie Wyskocil ("Plaintiff") filed an Opposition to the Second Motion to Dismiss on June 30, 2026, to which Medtronic replied on July 13, 2026 (Doc. Nos. 19, 20.)   For the following reasons, the Second Motion to Dismiss is granted.

## I.     Background

This dispute has been ongoing for nearly four years.  On September 6, 2022, Plaintiff filed suit against Medtronic and various healthcare Defendants in state court.  (Cuyahoga County Court of Common Pleas, Case No. CV-22-968491.)  Over one year later, on September 21, 2023, Plaintiff voluntarily dismissed the remaining claims against Medtronic.  (*See* Cuyahoga County Court of Common Pleas, Case No. CV-22-968491, 9/21/2023 Docket Entry.)

On September 11, 2024, Plaintiff refiled her lawsuit in state court against Medtronic.  (*See* Doc. No. 1-1 at PageID #7.)  In her Complaint, Plaintiff asserted four product liability claims under Ohio Rev. Code §§ 2307.74, 2307.75, 2307.76, and 2307.77 respectively.  (*See* Compl. at ¶ 11.)  On

October 1, 2024, Defendants removed this case to this Court. (*See* Doc. No. 1.)

On October 10, 2024, Medtronic filed a Motion to Dismiss for Failure to State a Claim (the "First Motion to Dismiss"). (Doc. No. 7.) On April 24, 2025, after the First Motion to Dismiss was fully briefed, the Court issued a Memorandum Opinion & Order dismissing Plaintiff's claims under O.R.C. § 2307.76 and O.R.C. § 2307.77 and finding that Plaintiff stated a claim under O.R.C. § 2307.74 and O.R.C. § 2307.75. On May 5, 2025, Medtronic filed their Answer. (Doc. No 12.)

On June 3, 2025, the parties filed their Rule 26(f) Joint Report of Parties' Planning Meeting. (Doc. No. 15.) Therein, the parties recommended, among other things, that the Court set December 31, 2025 as the fact discovery cut-off date. (*Id.*) On June 10, 2025, the Court conducted a Case Management Conference. At the Case Management Conference, Plaintiff's counsel advised the Court that he was unsure if the product at issue was defective or if it was even a Medtronic product. After the Conference, the Court issued a Case Management Order. (Doc. No. 16.) Therein, the Court, among other things, ordered that non-expert discovery be completed by December 31, 2025 as recommended by the parties. (*Id.*) The Court also ordered:

> A telephonic status conference with lead counsel is set for November 19, 2025 at 1:30 p.m. Counsel shall confer within five (5) business days of the scheduled conference to discuss outstanding issues and respective positions as to settlement. Counsel shall provide to the Court within three (3) business days of the conference, a joint Status Report or confidential individual Status Reports describing the status of discovery, settlement positions, and issues to be addressed. The Status Reports need not be Barker_Chambers@ohnd.uscourts.gov.

(*Id.*)

As the November 19, 2025 status conference approached, the Court received a Status Report from Medtronic as ordered, but it had not received a Status Report from Plaintiff. The Court, accordingly, entered the following non-document order on November 17, 2025: "[t]he Court is in

2

receipt of a confidential status report from Defendants. Plaintiff, however, failed to submit her own confidential status report prior to the upcoming Status Conference. Upon receipt of this Order, Plaintiff is directed to submit to chambers her own confidential status report describing the status of discovery, settlement positions, and issues to be addressed." That same day, the Court received Plaintiff's untimely Status Report by email.

On November 19, 2025, the Court held the Status Conference. During the Status Conference, counsel informed the Court that Plaintiff had not conducted any discovery other than serving initial disclosures. Plaintiff's counsel informed the Court that he needed limited discovery to confirm whether, among other things, Medtronic even manufactured the device that allegedly caused the decedent's death. Plaintiff's counsel also informed the Court of some personal issues he was dealing with that will not be set forth in this Opinion to protect his privacy.[1] After the Status Conference, the Court entered the following Minutes:

> Status Conference held on 11/19/2025. Participating on behalf of Plaintiff was Attorney Richard Demsey and participating on behalf of Defendants was Attorney Tayler L. Gill. Plaintiff's counsel requested a five-month extension of the case management deadlines and set forth good cause for the requested extension. Defendant's counsel did not oppose the request. Accordingly, the Court agreed to reset the case management deadlines, as follows. The fact discovery deadline is now June 1, 2026, the expert discovery deadline is now November 2, 2026, the initial expert report(s) are due to be exchanged by July 2, 2026, the responsive expert report(s) are due to be exchanged by September 2, 2026, and the dispositive motion deadline is now December 2, 2026. The Court set a telephone status conference for January 22, 2026 at 1:30 p.m. The conference call-in information remains the same. Time: 30 minutes.

Two months later, the Court conducted a Status Conference on January 22, 2026. After that Status Conference, the Court issued the following Minutes:

---

[1] The Court, however, has considered these issues in making its decision today.

Telephone status conference held. Participating on behalf of Plaintiff was Attorney Richard Demsey and participating on behalf of Defendant was Attorney Taylor L. Gill. Attorney Demsey explained that for personal reasons he has not taken the one or two depositions he wanted to take. Attorney Gill represented that she followed up with Attorney Demsey on December 2, 2025 to inquire about him issuing subpoenas for the witnesses he wishes to depose, but she never heard back from him. Attorney Demsey indicated that his intent is to get dates and issue subpoenas to take the depositions by February 16, 2026. The Court advised counsel that it would not be inclined to extend the case management deadlines again. Time: 10 minutes.

Just under six months later, on the close of discovery, Medtronic filed the Second Motion to Dismiss. (Doc. No. 18.) Therein, Medtronic represents that "Plaintiff's counsel stated that he would take the necessary non-party depositions by February 16, 2026" and that "[i]n the more than four months since [the January 22, 2026] conference, and despite having had over a year to conduct discovery in this case alone, Plaintiff has not taken (or even requested) a single deposition or propounded written discovery." (Doc. No. 18-1, PageID #176.) Based on the failure to conduct discovery, Medtronic asks that the Court dismiss this case for failure to prosecute.

On June 30, 2026, Plaintiff filed his Opposition (which was incorrectly captioned as a "Reply") to the Second Motion to Dismiss. (Doc. No. 19.) Therein, Plaintiff does not dispute Defendants' representations or their legal arguments. In fact, Plaintiff concedes that "Defendants are correct that the discovery that plaintiff was to conduct following the last status conference with the Court has not been taken." (*Id.* at PageID #189.) Plaintiff then asserts that "Plaintiff's counsel would prefer to share the details of why with the Court on a telephone conference call, rather than setting them forth with specificity in a public pleading." (*Id.*) Yet Plaintiff continued:

Plaintiff's counsel has had significant health issues, had to undergo surgery in February, was required to undergo multiple medical tests pre-surgery for different forms of specialty clearance for surgery, underwent surgery in February and has had an extensive and difficult period of recuperation necessitating extended

4

absences from the office. In light of same, plaintiff's counsel is now in a position where he is working on a retirement plan.

(*Id.* at PageID #189–90.)  Based on "counsel's personal circumstances," Plaintiff requests that Court hold in abeyance the Second Motion to Dismiss, schedule a telephone conference to discuss the issues presented in her Opposition, and to provide Plaintiff with additional time to conduct discovery.  (*Id.* at PageID #190.)

On July 13, 2026, Medtronic filed their Reply.  (Doc. No. 20.)  Therein, they argue that "[t]he Court need not schedule a third status conference to discuss these undisputed facts. It would reward Plaintiff for years of inactivity, restart the vicious cycle of Plaintiff not moving this case forward, and further prejudice Medtronic." (*Id.* at PageID #192–93.)  They also assert that "[i]t appears Plaintiff's counsel is still taking on new clients. Indeed, upon Medtronic's review of local dockets, he has filed at least 11 civil lawsuits since the beginning of 2026, one of which (Robert C. Anthony v. Tractor Supply Co., et al., Summit County Case No. CV-2026-07-2830) was filed as late as July 1, 2026." (*Id.* at PageID #192.)

Having been fully briefed, the Second Motion to Dismiss is ripe for this Court's review.

## II.  Analysis

### A.  The Court denies Plaintiff's request for an extension of time

The Court denies Plaintiff's request for an extension of the discovery cut-off.  Because Plaintiff's request was made after the discovery cut-off concluded, her request is governed by rule 6(b)(1)(B).  Under that rule, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  "The excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases."  *Turner v. City of Taylor*, 412 F.3d 629, 650

5

(6th Cir. 2005) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). "[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the Court finds that Plaintiff has not established excusable neglect. First, Medtronic would be prejudiced by an extension of the discovery schedule. Second, this case is nearly two years old, and it has not progressed further than the pleading stage. An extension of the discovery schedule would only serve to delay the judicial proceedings here. Turning to the third and fourth factors, although the Court is sympathetic to Plaintiff's counsel with respect to his health concerns – and, indeed, has expressed its sympathy to him during the telephone conferences when based upon the details of those health concerns discussed during the calls the Court expressed its agreement to extend the deadlines at Plaintiff's counsel's request – it does not appear that Plaintiff's counsel's health has precluded him from continuing to practice law.[2] Medtronic has submitted evidence showing that he has filed new cases since his February 2026 surgery and at least one was filed this month. If he could prosecute new cases, he should have been able to conduct the minimal discovery he needed in this case. At a minimum, Plaintiff could have filed a motion to extend the discovery request prior to the deadline expiring. Finally, the Court finds that Plaintiff has not acted in good faith. Plaintiff has not

---

[2] The Court notes that Plaintiff's counsel indicates that given his health concerns, he is "working on a retirement plan". (Doc. No. 19, PageID # 190.) Plaintiff's counsel has made that same representation to this Court and defense counsel during the telephone status conferences and yet, the evidence submitted by Medtronic shows that he is filing new cases. This does not comport with a lawyer who because of ongoing health concerns, is "working on a retirement plan."

even attempted to conduct any discovery in this case despite having nearly one year to complete discovery. The Court thus finds that Plaintiff has not establish excusable neglect. For all these reasons, the Court denies Plaintiff's request for an extension of the discovery cut-off.

### B. The Court grants the Second Motion to Dismiss

"The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017), report and recommendation adopted, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017), (quoting *Rogers v. City of Warren*, 302 F. App'x. 371, 375 (6th Cir. Nov. 26, 2008)). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where a party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order"; and (3) the court's inherent authority to "'protect [ ] the due and orderly administration of justice, and . . . maintain[ ] the authority and dignity of the court.'" Id., (quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005)). The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

The Sixth Circuit has articulated four factors, none of which are dispositive, that a district court should weigh when considering whether to dismiss an action: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was

ordered. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008).

Upon careful review of the parties' briefing, and attachments thereto, for the reasons stated below, the Court finds that each factor weighs in favor of dismissal.

Plaintiff's failure is due to willfulness, bad faith and/or fault.  Despite having nearly one year to complete discovery, Plaintiff has not taken any steps to conduct any discovery other than serving her initial disclosures.  Plaintiff's counsel has repeatedly represented to the Court that all Plaintiff needs to do is conduct limited discovery.  Yet, Plaintiff has not taken a single step to do so despite Medtronic's attempts to get the ball rolling.  The Court is sympathetic and recognizes Plaintiff's counsel's personal health issues.  But as Medtronic points out, his health concerns have not prevented Plaintiff's counsel from prosecuting other cases.  (Doc. No. 20-1.)  At bottom, Plaintiff's failure to participate in discovery cannot be attributed to her counsel's health issues.

Put simply, Plaintiff's complete failure to participate in discovery demonstrates willful, bad faith and/or fault.  *See Lloyd v. Time Warner Cable Midwest LLC*, No. 5:13CV2734, 2014 U.S. Dist. LEXIS 155982, at *9 (N.D. Ohio Nov. 4, 2014) ("Lloyd's complete failure to participate in discovery can only be construed as demonstrating bad faith and/or willful intent to unduly delay resolution of these actions"); *Jackson v. Sterilite Corp.*, No. 5:13CV861, 2014 U.S. Dist. LEXIS 147667, at *8 (N.D. Ohio Oct. 16, 2014) ("Plaintiff's complete failure to participate in discovery can only be construed as demonstrating bad faith and/or willful intent to unduly delay resolution of these actions"); *Fite v. Canton Drop Forge, Inc.*, No. 5:07-CV-446, 2007 U.S. Dist. LEXIS 82674, at *5 (N.D. Ohio Nov. 7, 2007) ("Additionally, the Court notes that Plaintiff Fite has failed to formally serve any discovery requests on the Defendants, thus hurting his own case and demonstrating his failure to prosecute").

<u>Medtronic was prejudiced by Plaintiff's conduct</u>.  Medtronic argues in their Second Motion to Dismiss that they have "been undoubtedly prejudiced by having been forced to expend time and money on pleadings, conferences, and related tasks that have not moved the case forward in four years since Plaintiff filed her initial lawsuit."  (Doc. No. 18-1, PageID #178.)  Plaintiff does not dispute that Medtronic was prejudiced based on her failure to engage in the discover process.  The Court therefore finds that Plaintiff has waived any argument that Medtronic was not prejudiced in this matter.  *DG Gas, LLC v. TA Franchise Sys. LLC*, No. 1:24-cv-01002-PAB, 2025 U.S. Dist. LEXIS 47159, at *81 (N.D. Ohio Mar. 14, 2025) (Barker, J.); *Adam v. Nakhle*, No. 1:22CV2183, 2023 U.S. Dist. LEXIS 206028, at *70–71 at *23 (N.D. Ohio Nov. 17, 2023) (Barker, J.); *Coles v. Johnny Appleseed Broad. Co.*, 479 F. Supp.3d 585, 603 (N.D. Ohio 2020) (Barker, J.).

Notwithstanding Plaintiff's waiver of this issue, the Court agrees with Medtronic that it has been prejudiced by Plaintiff's conduct.  It has expended time and resources attempting to get Plaintiff to begin the discovery process and was required to file the Second Motion to Dismiss.  And this case has been pending for 21-months without any discovery being completed.  Thus, this factor weighs in favor of dismissal.  *Sterlite*, 2014 U.S. Dist. LEXIS 147667 at *9 ("There can be no question that this unwillingness to participate in litigation has resulted in prejudice to defendants, as they have been required to waste valuable time and resources attempting to get plaintiff to meet his discovery obligations").

<u>Plaintiff was warned that failure to cooperate could lead to dismissal</u>.  This third factor also supports dismissal.  Medtronic argues that "Plaintiff was warned by this Court during the January 22, 2026 status conference that another discovery extension would be unlikely." (Doc No. 18-1, PageID #178.)  Plaintiff does not argue that this warning was insufficient.  Accordingly, the Court finds that

9

Plaintiff has waived any argument that she was not warned. *DG Gas*, 2025 U.S. Dist. LEXIS 47159 at *81; *Adam*, 2023 U.S. Dist. LEXIS 206028, at *70–71; *Coles*, 479 F. Supp.3d at 603.

Notwithstanding Plaintiff's waiver, the Court independently finds that this factor supports dismissal.  At the last Status Conference, the Court advised Plaintiff's counsel "that it would not be inclined to extend the case management deadlines again." *Cf. Kovacic v. Tyco Valves & Control, LP*, 433 F. App'x 376, 382 (6th Cir. 2011).  And the Second Motion to Dismiss provided some notice to Plaintiff.  *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) ("Although Claimant did not have a prior warning, the United States's motion to strike provided some notice"); *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) ("Furthermore, there can be no argument that Harmon was without notice that the district court was contemplating the dismissal of his complaint. CSXT had filed a motion to dismiss and Harmon had requested additional time to respond"); *see also Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 636 (6th Cir. 2006) ("Then plaintiffs were further placed on notice by defendants' subsequent motions for discovery sanctions, which requested dismissal"); *S. Wabash Communs., Ltd. v. Union County Broad. Co.*, 69 F. App'x 285, 291 (6th Cir. 2003) ("Wabash argues, under the third prong, that it had no notice or warning about the dismissal. This contention is without merit. Appellees' Motion specifically requested dismissal as a possible sanction"); *Langworthy v. Tuck*, No. 2:23-cv-13016, 2025 U.S. Dist. LEXIS 11064, at *32 (E.D. Mich. June 10, 2025) ("Plaintiff had warning that the Court was considering dismissal in this case. Defendants filed the Motion to Dismiss, and Plaintiff responded to it"); *Appraisal Mgmt. Co. III v. FNC, Inc.*, No. 1:04 CV 1158, 2005 U.S. Dist. LEXIS 28310, at *31 (N.D. Ohio Nov. 16, 2005) ("Furthermore, FNC's Motion, which specifically requested dismissal as a sanction and on which this Court held a hearing, constitutes sufficient notice to AMCO that its failure to cooperate could lead to dismissal").

The Court has considered less drastic sanctions.  Finally, the Court has considered alternative sanctions. *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (a district court is not required "to incant a litany of the available lesser sanctions").  The Court concludes than no sanction short of dismissal is appropriate here.  Plaintiff was given ample opportunity to conduct discovery in this case.  Yet, Plaintiff chose not to.  Allowing this case to proceed would simply reward Plaintiff's conduct in this case and give her an unwarranted extension of the case schedule.  The Court has no reason to believe a lesser sanction will motivate Plaintiff to prosecute her case.

## III.     Conclusion

For the reasons set forth herein, the Second Motion to Dismiss (Doc. No. 18) is granted.  This case is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

  *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  July 15, 2026                          U. S. DISTRICT JUDGE

11